UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID CONDRINGTON,

Plaintiff,

v.

RAYMOURS FURNITURE CO., INC.,

Defendant,

**MEMORANDUM DECISION AND ORDER**

26-cv-3084 (BMC)

**COGAN**, District Judge.

This is an employment discrimination case arising under the New York State Human Rights Law ("NYSHRL") and Title VII of the Civil Rights Act ("Title VII"). After unsuccessfully seeking relief before the New York State Division of Human Rights ("NYSDHR") and Equal Employment Opportunity Commission ("EEOC"), plaintiff filed this case. Defendant has moved to dismiss all of plaintiff's claims as time barred. For the reasons below, the motion is granted in part and denied in part, and the Court dismisses plaintiff's NYSHRL claims.

## SUMMARY OF COMPLAINT

In 2012, plaintiff began working for defendant as a sales associate. He quickly rose through the ranks and has held various managerial positions since 2014. During his tenure, he earned various accolades, including "Top 5 Highest Grossing Store in the Market" and "Store Manager Champion."

In 2020, plaintiff says he began experiencing racial discrimination by his direct-line supervisor. The supervisor began "issuing him numerous negative performance reviews, despite the fact that [plaintiff's] store was outperforming other New York stores." Despite what plaintiff

characterizes as "unwarranted negative performance reviews," he engaged with the criticism and performance improvement plans. Nonetheless, toward the end of the year, plaintiff's supervisor issued an ultimatum: "transfer out of the Brooklyn market, or face demotion or termination."

Plaintiff reported this ultimatum up the chain, but received no relief. According to plaintiff, he continued managing the Brooklyn store and received more unwarranted negative performance reviews. During this time, plaintiff says he was "continuously met with top-down discrimination, harassment and obstruction every step of the way."

Three years later, plaintiff was informed that another supervisor was actively seeking to demote or transfer him. Among what plaintiff characterizes as "other slanders," the supervisor said his "skills were better suited to a number 2 position."

At that point, plaintiff raised his concerns with defendant's President, Seth Goldberg. The supervisors began retaliating against him for doing so, and started "interviewing store associates in [plaintiff's] store in order to build a narrative against him so that they could remove him from his position, pretextually."

About a week later, the supervisors brought plaintiff before a human resources representative, where he was informed that he was being demoted and transferred, effective immediately, because of the following "hotline email" received about him:

> Let me start off by saying how grateful I am to be working at Raymour and Flanigan. It's a pleasure to work for a company that values employees. With that being said this past couple of years at G7 are not what I've come to expect working for Raymour and Flanigan. We have a leader who seems to give up addressing the team saying he will be leaving by the end of the year and don't [sic] even try no more then we have another leader that never leaves the office [sic] seems like a hassle if we ask for help. On top of that we have so much favoritism going on. Imagine we have employees that have 2nd job at the store. They have side hussle [sic] that our leaders are part of. Our last regional knew all of this was going on, but turned a blind eye, and it looks like the same is happening with the new regional because I don't see no changes. I am writing this anonymously because of the repercussions I will face. Every employee are

> [sic] scared to say anything. I am doing this because I believe [t]hat you don't know how bad it is. Thank you hope this will be a wake up call for the store.

Plaintiff was apparently told that there was "no intention of taking any adverse employment action . . . until [defendant] received [the] anonymous email."

According to plaintiff, when he was confronted about the complaint, the document he was shown lacked the general indicia of a genuine email (*e.g.*, header; graphic; to, from, cc, or subject lines; etc.). Rather, it was just a block of reprinted text. Plaintiff suggests that the email was fabricated as a pretextual justification for firing him.

Based on the above, on April 21, 2026, plaintiff filed a summons with the following notice in Nassau County Supreme Court:

> The nature of this action is hostile work environment, discrimination on the basis of race, violations of the Plaintiff's Constitutional Rights, violations of the NYSHRL, violations of the NYCHRL, and infliction of emotional distress.

Defendant removed and now asks the Court to dismiss all of plaintiff's claims as time barred. Defendant's theory is that plaintiff's claims were brought to court long after the deadlines created by the NYSDHR determination and EEOC right-to-sue letter.

## DISCUSSION

### I. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When deciding a motion to dismiss, the Court must "constru[e] the complaint liberally, accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's

favor." Elias v. Rolling Stone LLC, 872 F.3d 97, 104 (2d Cir. 2017) (quoting Chase Grp. All. LLC v. City of N.Y. Dep't of Fin., 620 F.3d 146, 150 (2d Cir. 2010)).

In employment discrimination cases, "[t]he right to sue letter is a necessary prerequisite to file suit." Newsome v. Berman, 24 F. App'x 33, 34 (2d Cir. 2001). Thus, when "a plaintiff fails to provide a right-to-sue letter . . . and does not allege that plaintiff received or attempted to procure such letter, courts have dismissed the Title VII claims."). Davis v. Metro North Commuter R.R., No. 21-cv-387, 2022 WL 2223018, at *8 (S.D.N.Y. June 21, 2022). This is because "[o]rdinarily, a Court may not consider materials extraneous to the complaint when deciding a motion to dismiss." Massey v. On-Site Manager, Inc., No. 11-cv-2612, 2011 WL 4356380, at *2 (E.D.N.Y. Sept. 16, 2011) (citing Friedl v. City of N.Y., 210 F.3d 79, 83–84 (2d Cir.2000),.

"The Second Circuit, however, has recognized several exceptions to this rule," including "'documents [that are] incorporated by reference in the complaint,' [and] documents that are 'integral to the plaintiff's claim.'" Id. (quoting Halebian v. Berry, 644 F.3d 122, 131 n.7 (2d Cir. 2011), and Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 47 (2d Cir.1991)). NYSDHR determinations and EEOC right-to-sue letters are "integral to the complaint and [so] the Court may consider them in connection with the motion to dismiss." Bolt v. Planned Parenthood of Cent. & W. N.Y., 763 F. Supp. 3d 463, 470 n.3 (W.D.N.Y. 2025). This is so even if the plaintiff "does not allege that [he] filed a complaint against [the defendant] with either NYSDHR or EEOC," so long as the defendant "attached a copy of the NYSDHR determination and EEOC right to sue letter to [the] motion to dismiss." Id.

Here, as in Bolt, defendant attached copies of the NYSHR determination and EEOC letter to its motion, and plaintiff does not seriously dispute their accuracy or authenticity. Thus, the Court may consider them on the present motion.

## II. Analysis

### A. Title VII

Defendant argues that plaintiff's federal claims are time barred based on (1) the date of the EEOC right-to-sue letter,[1] and (2) the content of his notice with summons.

#### i. EEOC Letter

A Title VII suit must commence within "90 days after the plaintiff receives a right-to-sue letter from the [EEOC]." Duplan v. City of N.Y., 888 F.3d 612, 624 (2d Cir. 2018) (citing 42 U.S.C. § 2000e-5(f)(1)). In New York, a lawsuit may be commenced without a complaint where, as here, the plaintiff files a summons with notice "stating the nature of the action and the relief sought[.]" CPLR § 305(b).

"There is a presumption that a notice provided by a government agency was mailed on the date shown on the notice [and] that a mailed document is received three days after its mailing." Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 37 (2d Cir. 2011) (citating Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 526 (2d Cir. 1996)). That presumption can be rebutted by a plaintiff's "sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail." Sherlock, 84 F.3d at 526.

---

[1] Defendant also proffered electronic records that it received from the EEOC pursuant to a FOIA request which purport to show plaintiff logging in and viewing the right-to-sue letter on a certain date that, if accurate, might mean he "received" the notice on a date that would render his complaint time barred. Although the right-to-sue letter itself is integral to the complaint, see *supra*, these electronic records are not, and thus the Court cannot consider them in the present motion.

Here, plaintiff filed his summons with notice on April 20, 2026, so the operative question is whether that date is within the 90-day deadline under 42 U.S.C. § 2000e-5(f)(1). The EEOC right-to-sue letter is dated September 19, 2025, so plaintiff is presumed to have received it three days later, *i.e.*, September 22, 2025. See Tiberio, 664 F.3d at 37. Based on that, plaintiff's presumptive deadline to commence his Title VII suit would have been December 21, 2025, and his notice with summons would have been long afterward.

However, plaintiff avers that he did not receive the EEOC right-to-sue letter until January 21, 2026, when he was sent the letter via email by an EEOC regional director.[2] At this juncture, where the Court must assume the factual truth of plaintiff's allegations, that is enough to rebut the mail-based presumption. Accordingly, plaintiff's deadline to commence his Title VII suit must be based on when he "actually received the right-to-sue-letter," Tiberio, 664 F.3d 35, 37 (2d Cir. 2011), and 90 days after January 21, 2026, is April 21, 2026. Plaintiff's April 20, 2026, notice and summons fell within the 90-day period prescribed by 42 U.S.C. § 2000e-5(f)(1). Defendant's motion to dismiss on this ground is therefore denied.

ii. Content of Notice With Summons

Defendant next argues that, even if plaintiff's summons with notice was timely, his Title VII claims are not, because the summons with notice did not cite Title VII or make any reference to federal employment claims. The Court disagrees.

As noted above, New York law permits a plaintiff to commence a lawsuit without a complaint, so long as the plaintiff files a proper summons with notice. See CPLR § 305(b).

[2] The complaint omits any mention of the EEOC complaint or right-to-sue letter. However, after defendant filed the EEOC electronic records, see *supra* n.1, plaintiff filed an affidavit attesting that he received the letter on January 21, 2026, and separately provided his own interpretation of the electronic records. At this juncture, the Court assumes the truth of plaintiff's allegation that he received the right-to-sue letter on January 21, 2026. The Court does not consider or accord any weight to either party's interpretation of the electronic records, which is a more appropriate question for a summary judgment motion.

"[W]hen a suit is commenced by a summons with notice, 'the complaint comes later, and the general understanding is that this later-served complaint may [] include claims not mentioned in the initial notice.'" DiFillippo v. Special Metals Corp., 299 F.R.D. 348, 355 (N.D.N.Y. 2014) (quoting 260 Siegel's Prac. Rev. 4 (Aug. 2013)); see U.S.E. Prods., Ltd. v. Marvel Enters., 314 F. Supp. 2d 213, 215 (S.D.N.Y. 2004) ("The 'notice' portion of a summons with notice is much less formal than a complaint"). Still, a defendant cannot be "left [] to guess the precise claims against them." Roth v. State Univ. of N.Y., 61 A.D.3d 476, 476, 876 N.Y.S.2d 403, 404 (1st Dep't 2009) (finding insufficient a notice alleging "violations of federal, New York State, and New York City human rights laws," because "numerous potential causes of action may be brought under these statutes").

Here, plaintiff's summons with notice described the nature of the case as, *inter alia*, "discrimination on the basis of race" and "violations of [his] Constitutional Rights." The document cited the NYSHRL but did not cite Title VII and, according to defendant, his citation to the former but not the latter means his summons with notice couldn't have commenced his Title VII claim. Defendant additionally contends that plaintiff's reference to "Constitutional Rights" cannot make up the difference; *i.e.*, this reference cannot be reasonably interpreted to refer to Title VII.

District courts that have considered the question have held that, for purposes of a federal statute's time bar, a plaintiff's CPLR § 305(b) summons with notice need not cite the federal statute so long as it sufficiently puts the defendant on notice of claims arising under that federal statute. See Difillipo, 299 F.R.D. at 355 (notice with summons describing nature of case as "employment discrimination and retaliation," without reference to ADA nonetheless sufficient to avoid ADA time bar); Brehm v. Tompkins Consol. Transit, Inc., No. 12-cv-579, 2013 WL

2898053, at *3 (N.D.N.Y. June 13, 2013) (similar). That makes sense because "federal courts must not privilege form over substance," Carey v. Saffold, 536 U.S. 214, 232 (2002), and "excessive technicality [cannot] guide the consideration of Title VII actions," Love v. Pullman Co.,404 U.S. 522, 526-27 (1972).

Accordingly, plaintiff's CPLR § 305(b) notice with summons was sufficient to put defendant on notice of his Title VII claims. To be sure, the Court agrees with defendant that plaintiff's alleged "violations of [his] Constitutional Rights" did not refer to his Title VII claims. In fact, this didn't refer to any federal claim, for that reason, defendant's removal to this Court was improper.[3] However, that issue is moot because plaintiff's subsequently filed complaint expressly alleges Title VII claims, and "a federal court's jurisdiction depends on what the [post-removal] complaint says." Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 30 (2025). Defendant's motion to dismiss on this ground is therefore denied.

[3] Defendant asserted federal question jurisdiction based on plaintiff alleging "violations of [his] Constitutional Rights." That does not satisfy the removal statute because "the Supreme Court [has instructed] to . . . resolve doubts in favor of remand," Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 220 (2d Cir. 2013). Defendant apparently assumed that plaintiff meant the federal constitution, but that assumption was wrong because plaintiff alleged no state action. See Meadows v. United Servs., Inc., 963 F.3d 240, 243 (2d Cir. 2020) ("Because the [U.S.] Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action."). In contrast, "some [New York] constitutional provisions [] explicitly regulate private conduct." Brown v. State, 89 N.Y.2d 172, 183, 652 N.Y.S.2d 223, 229 (1996). Thus, plaintiff's reference to "Constitutional Rights" should have been interpreted as referring to his New York constitutional rights, and the magistrate judge previously overseeing this case should have remanded it *sua sponte*. See Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006) (recognizing the Court's "independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."). This does not mean that the case would never become removable, however, as the Second Circuit has recognized that sometimes, "removability [cannot always] have been ascertained from the face of [a] summons with notice," in which case removability must be "ascertained from the [subsequently filed] complaint." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 206 (2d Cir. 2001).

### B. NYSHRL

Similarly to the federal claims, defendant argues that plaintiff's state claims are time-barred based on the date of the NYSDHR determination.[4] "Where a proceeding is brought to review a determination of the NYSDHR, the applicable statute of limitations is 60 days after service of the determination." Matter of Horowitz v. Foster, 180 A.D.3d 783, 784, 120 N.Y.S.3d 49, 51 (2nd Dep't 2020).

Unlike the EEOC letter, however, whether or not plaintiff actually received the NYSDHR determination is irrelevant. See Grinan v. Santaella, 89 A.D.2d 866, 866, 453 N.Y.S.2d 242, 243 (2nd Dep't 1982) ("service by mail [of NYSDHR determination was] complete . . . regardless of delivery to or receipt by the claimant"); Dudish v. NYSDHR, 15 A.D.3d 823, 824, 790 N.Y.S.2d 565, 566 (3rd Dep't 2005) (rejecting plaintiff's argument "that the limitations period should be measured from the date of his receipt of the [NYSDHR] determination").

Here, the NYSDHR determination is dated July 14, 2025, making his 60-day deadline to file his state claims September 12, 2025. Plaintiff filed his summons with notice long after that, and therefore his NYSHRL claims must be dismissed as time barred. Defendant's motion to dismiss on this ground is therefore granted.

## CONCLUSION

Defendant's motion to dismiss is granted in part and denied in part.

**SO ORDERED.**

Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
August 24, 2026

[4] In footnotes, defendant raised the two additional arguments: that the election of remedies doctrine bars plaintiff's state claims, and that plaintiff's complaint cannot "relate back" to his notice with summons. These warrant no consideration. See CITGO Petro. Corp. v. Ascot Underwriting Ltd., 158 F.4th 368, 388 (2d Cir. 2025) ("as our cases instruct, . . . an argument mentioned only in a footnote [is not] adequately raised.'" (citation omitted)).